Williamson v. Blanche

BIA
A095 948 866

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL,
> STEVEN J. MENASHI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

DWAYNE ANTHONY WILLIAMSON,
> *Petitioner,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

24-121
NAC

_____

**FOR PETITIONER:**          Shan Potts, Esq., Law Office of Shan Potts, Glendale, CA.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; David J. Schor, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dwayne Anthony Williamson, a native and citizen of Trinidad and Tobago, seeks review of a December 14, 2023, decision of the BIA denying his motion to reopen his removal proceedings. *In re Williamson*, No. A095 948 866 (B.I.A. Dec. 14, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Williamson sought reopening and termination of his removal order, arguing that following *Matter of Pougatchev*, 28 I. & N. Dec. 719 (B.I.A. 2023), his conviction for attempted second-degree burglary under New York Penal Law § 140.25 was no longer a removable aggravated felony burglary offense under 8 U.S.C.

§ 1101(a)(43)(G). We review the denial of a motion to reopen for abuse of discretion. *Ramsay v. Bondi*, 171 F.4th 218, 220 (2d Cir. 2026). When, as here, a petitioner was ordered removed for an aggravated felony, our review is generally limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1252(a)(2)(C); *see also Garcia Pinach v. Bondi*, 147 F.4th 117, 126 (2d Cir. 2025) ("[T]he jurisdictional bar, and its exceptions for constitutional and legal questions, applies not only to . . . review of a removal order that is based on an aggravated felony, but also to related motions to reopen proceedings following such an order."). However, whether a conviction is an aggravated felony is a question of law that we review de novo. *Garcia Pinach*, 147 F.4th at 125–26.

As an initial matter, the parties' arguments about the timeliness of Williamson's motion are irrelevant. Despite initially noting that the motion was untimely, the BIA did not deny it as untimely; it declined to reach arguments about equitable tolling and instead addressed the merits of Williamson's argument regarding his conviction. We find no abuse of discretion in the BIA's conclusion that Williamson failed to demonstrate that he was not removable following *Matter of Pougatchev*. *See Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) ("The BIA abuses

3

its discretion when its decision rests on an error of law, inexplicably departs from established policies, or is so devoid of any reasoning as to raise the concern that it acted in an arbitrary or capricious manner.").

In *Matter of Pougatchev*, the BIA acknowledged that the definition of "building" in § 140.25 is broader than the generic federal definition of building and thus an offense under § 140.25(1) is not a categorical match to a burglary aggravated felony. 28 I. & N. Dec. at 722–23. However, the BIA also held that the sub-section at issue, § 140.25(1)(d) satisfied the crime of violence definition of an aggravated felony. *Id.* at 724–29. *Pougatchev* reiterated that a conviction under § 140.25(2) is not broader than the burglary definition of an aggravated felony because that sub-section is limited to unlawfully entering or remaining in a "dwelling," which is defined more narrowly than building. *Id.* at 721 & n.1; *Matter of V-A-K-*, 28 I. & N. Dec. 630, 634–35 (B.I.A. 2022); *see also United States v. Stitt*, 586 U.S. 27, 33–36 (2018); *V-A-K- v. Garland*, No. 22-6448, 2023 WL 8613871, at *2–3 (2d Cir. Dec. 13, 2023) (summary order) (pointing out that *Stitt* "rejected the argument that the generic definition of burglary in *Taylor* [*v. United States*, 495 U.S. 575 (1990)] did not extend to burglary of vehicles used for overnight lodging").

4

Before the BIA, Williamson argued only that *Matter of Pougatchev* held that §140.25(1)(d) did not meet that burglary definition for an aggravated felony. But as the BIA pointed out, a conviction under that section was still an aggravated felony under a different provision. Williamson does not challenge that determination here, but instead asserts that he was convicted under § 140.25(2), which is not a crime of violence. This argument ignores the conclusions in both *Pougatchev* and *Matter of V-A-K-* that § 140.25(2) remains a categorical match to the burglary definition for an aggravated felony. *Matter of Pougatchev*, 28 I. & N. Dec. at 721 & n.1; *Matter of V-A-K-*, 28 I. & N. Dec. at 634–35. Accordingly, he has not shown that intervening BIA precedent establishes that his conviction is no longer a removable offense.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5